(September 27, 1955.)

ARISTOCRAT LEATHER PRODUCTS, INC., et al., Respondents, v. LEON SIEGEL et al., Appellants.

*Per Curiam.* The order appealed from, entered on June 30, 1955, provides that the individual defendants and the corporate defendant with which the individual defendants are associated be restrained during the pendency of the action from disclosing and employing plaintiffs' trade secrets and processes for ornamenting plastic wallets which involve the heat fusing or the embossing of ornaments on the wallets.

It is not denied that plaintiff Aristocrat Leather Products, Inc., had issued to it a United States patent on June 7, 1955, on its invention for bonding and contouring plastic sheet materials and articles which it used in the ornamentation of plastic wallets. This patent, it is urged by defendants, fully disclosed all of the alleged trade secrets of plaintiffs with respect to the use of plastic materials in making ornamental plastic wallets and like merchandise with the exception of the use of pearl studs in the plastic material. This latter process, defendants claim, is not a trade secret.

On June 9, 1955, plaintiff Aristocrat filed an infringement suit in the United States District Court for the Southern District of New York upon the patent against Philip Florin, Inc., who is the main customer of defendants. It also appears that another infringement suit on this very patent was filed on the same day by Aristocrat against the corporate defendant Textruale Products, Inc., and against the individual defendant Leon Siegel in the United States Court for the Eastern District of New York.

In view of the fact that plaintiffs have secured a patent on their alleged trade secrets with respect to the making of ornamental plastic wallets their right to injunctive and other relief for alleged infringement rests with the Federal courts. The individual defendants deny that they appropriated to themselves secret techniques and processes originated and developed by plaintiffs and allegedly disclosed to them while they were employees of plaintiffs. They urge that all alleged secret processes were published in the patent obtained by plaintiffs or were generally known throughout the trade. Whether defendants used any of plaintiffs' trade secrets which were not disclosed and published by the issuance of the patent to Aristocrat or whether they committed other wrongful acts present issues which should be disposed of at a plenary trial.

In the circumstances, we think that a temporary injunction should not have been granted. All issues of fact in the underlying action for a permanent injunction and for other relief should await determination upon a trial which should be had forthwith. This disposition is not to be construed as any indication that this court has made a determination on the merits. We hold merely that the relief prayed for in the complaint should not be passed upon until there has been a full adducement of all pertinent facts. Order accordingly should be modified by vacating the injunction *pendente lite* and directing that the case be set down for trial for the first week of the October Term of this court. Settle order on one day's notice.

Peck, P. J., Cohn, Breitel, Botein and Rabin, JJ., concur.

Order unanimously modified by vacating the injunction *pendente lite* and directing that the case be set down for trial for the first week of the October term of this court. Settle order on one day's notice.